Harris, J.,
delivered the opinion of the Court.
The defendant had suggested to the County Court, the insolvency of the estate of his intestate, and thereupon the plaintiff filed his account against said estate, sworn to before a justice of the peace. The defendant then filed his affidavit, in which he states, “that he lias no knowledge of the account, and cannot admit the justice of the same, and denies the justice of the same to his knowledge.”
There being no other proof. offered by either party, the County Court disallowed the account, and the plaintiff appealed to the Circuit Court.
In the Circuit Court, the' plaintiff insisted on a trial de novo, and offered to prove the account by one Tyree. To this the defendant objected, and the objection was sustained by the Court. The Court ruling that on an *215 appeal from the County to the Circuit Court, the reyis-ing Court could only look to the record, and could hear no “new proof;” and being of opinion that there was no error apparent on the record, affirmed the judgment of the County Court. The plaintiff excepted to this ruling of the Court, and has appealed in error to this Court.
By the last clause of the 8th section of the act of 1855-6, ch. 253, page 513, it is provided, “that the duties directed to be performed by. the clerk of the County Court, in the administration of insolvent estates, shall, for the future, be performed by the County Judge.” And by the 6th section. of the same act, which confers an exclusive jurisdiction on the Judge of the County Court, it is provided, “that either party may have the right of appeal from any judgment, order, decree, or action of said County Judge, as- is allowed now by the laws of this State .in other causes.”
Erom these provisions, we think it is clear, that on an appeal from the decision of the County Judge, the cause should be tried in the same manner in the Appellate Court, that it would have been tried if the appeal had been taken from the decision of the clerk of the County Court. This construction is certainly conceding as much as could be assumed by the defendant, as the jurisdiction of the County Judge is much more general and extensive than that which was formerly conferred on the clerk of the County Court. And yet it is provided by the 5th section of the act of 1849-50, ch. 73, “That in all cases where the claims of creditors, shall be disputed ■ by the executor or administrator, it shall be the duty of the county court clerk to adjudicate and deter *216 mine the same, and if either party he dissatisfied with his decision, he may pray an appeal to the next term of the Circuit Court, and may obtain the same upon entering into bond and security, as in cases of appeal from justices of the peace, and such appeal bond in the Circuit Court, shall have the force and effect of other appeal bonds; and thereupon, the said clerk shall certify the same to the Circuit Court of his county, at its next term, where such issue or issues shall be formed under the discretion of the Court, as will properly present the questions for decision, without writ or declaration, and the judgment of the Court therein, or of the Supreme Court, if an appeal should be taken, shall be certified back to the clerk of the County Court.”
From these provisions, we think it is most manifest, that it was intended by 'the Legislature, that upon appeals in such cases, there should be a trial de novo. If the Legislature had intended that the appeal should be in the nature of a writ of error only, then why direct such “issue” or issues to be formed, “as will properly present the questions for decision.” The record would have presented all questions for decision without the necessity of making issues. The judgment of the Circuit Court will be reversed, and the cause remanded for another trial, where the parties will be allowed to introduce any additional evidence they may have.